ROSA EMILIA RIVERA CARDONA, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN (FIRST SECTION), Respondent.

No. 1103. Submitted June 24, 1942.—Decided July 21, 1942.

*Miranda & Miranda Esteve* for appellant. The registrar appeared by brief.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

Pedro María Rivera Lajara died in San Juan leaving as heirs five major sons born of his first marriage, and two minor sons and his widow Rosaura Rodríguez. The only property left by the deceased for partition consisted of $800 in cash and a house and lot valued at $600 and mortgaged for "about $300." The widow executed a deed on April 15, 1942, whereby she made all the sons a gift of her right to the usufructuary portion and at the same time sold to Rosa Emilia Rivera, one of the major daughters had by the first marriage, and for the sum of $250, her right to half of the community property, said Rosa Emilia Rivera agreeing to pay the said mortgage. On this same date a deed of partition of the property was executed to which all the major heirs and the two minors, represented by their mother Rosaura Rodríguez, were parties. By this deed each one of the sons was allotted $100 in cash, and daughter Rosa Emilia Rivera, as grantee of the widow, an additional $100 plus the only real property left by the deceased. In the deed of partition it is said that there are no debts outstanding against the estate "inasmuch as Mrs. Rivera, out of the right granted to her, binds herself to pay the existing mortgage for *about* three hundred dollars." This deed being presented to the Registry of Property of San Juan, the registrar refused to record it for the reason stated in the following decision:

"Record of the award of the property is denied because judicial authorization has not been obtained for the allotment in cash which is made in favor of minors Aida Argelia and Iris Ofelia Rivera Rodríguez in settlement of their rights in the estate; cautionary notice being entered, in view of other documents . . . "

Against this decision Rosa Emilia Rivera has filed an administrative appeal and holds that the decision of the registrar must be reversed since according to §1013 of the Civil Code when minors are under the *patria potestas* and are represented in the partition by the father, or by the mother in a proper case, neither judicial intervention nor approval shall be required. In the cases of *Milan* v. *Registrar,* 41 P.R.R. 98; *Mercado* v. *Registrar,* 41 P.R.R. 521; *Burset* v. *Registrar,* 49 P.R.R. 47; *Costa* v. *Piazza,* 51 P.R.R. 667, and *Aponte* v. *Registrar,* 56 P.R.R. 801, cited by the appellant, it was held that judicial approval was required when in a partition real property was allotted to one of the heirs and said heir pays in cash the share of other minor heirs; but the appellant holds that these cases are not applicable to the one at bar because not one of them deals with a partition of both real and personal property, but merely of real property. We fail to see why this fact should vary the legal problem presented. The operation of §1013 of the Civil Code, *supra,* has been limited since the approval in 1917 of §71–A of the Law of Special Legal Proceedings, now §605 of the Code of Civil Procedure (1933 ed.) which provides:

"Section 605.—That whenever the partition of an inheritance is made wherein minors or incapacitated persons are interested, if property of the estate is to be adjudicated in payment of debts to heirs or others, the matter shall be submitted to the district court of competent jurisdiction for approval, and if said court, after hearing the fiscal, becomes convinced of the certainty of the debt and that the adjudication in payment of same is reasonable and just, it may approve such adjudication in payment of the debt without a public sale."

In the case of *Mercader* v. *Registrar,* 42 P.R.R. 673, in interpreting §71–A, *supra,* it was held that previous judicial authorization by the district court was not necessary in order for a father to appear in representation of his minor sons in a deed of partition in which real property is allotted as payment for debts, an auction of the allotted property also not being necessary, provided the acts of partition are submitted to the court for approval.

In the case at bar the appellant was allotted the only real property in the inheritance, she, in turn, binding herself to pay the mortgage which in such unspecific terms—"of about $300"—was described in the mortgage deed, without specifying its conditions nor the identity of the mortgagee, whether or not it was due and that she would pay it "out of the right assigned to her." That right refers to the widow's one-half portion of the community property which, having a $700 value was acquired by the appellant for $250 plus the paying of the mortgage of "about $300." Thus the appellant apparently bought for $550 community property valued at $700 and was allotted the only house and lot in the inheritance, while the other children, including two minors, were allotted $100 each. The widow and her minor children live at Aguadilla and the house and lot are located at Flores Street in Santurce, where the appellant resides.

It is possible that no grounds exist for holding that the partition thus effectuated has prejudiced the minors, but we are of the opinion that the respondent is correct in holding that the partition should have been submitted to the district court for approval and we agree with him when he says:

"From the way the document in question is drawn, cash having been allotted to the representative of said minors, we do not believe that this constitutes a partition of an inheritance, but, in substance, a conveyance. The courts, in granting judicial authorization in such cases wherein minors are parties, demand that such minors' right be duly protected and that that which is allotted to them be something of value to them, as for example, real property that is free of charge

or liens; and there being debts against the estate to be divided, the deed needs the approval of the court since there are debts which should be verified and the allotment for the payment of which should not prejudice the rights of said minors."

The decision appealed from is affirmed.